# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ORGREILY   JOSEFINA   CEBALLO   GARCIA,

    Petitioner,

v.

WARDEN   OF   DIAMONDBACK CORRECTIONAL FACILITY, et al.,

    Respondents.

Case No. CIV-26-710-PRW

## ORDER

Before the Court is Orgreily Josefina Ceballo Garcia's Petition for Writ of Habeas Corpus (Dkt. 1), filed on her behalf by Neymar Carolina Ceballo Fernandez as her next friend. On April 23, 2026, Ms. Ceballo Fernandez filed a Next Friend Declaration in Support of Habeas Corpus Petition (Dkt. 6). For the following reasons, the Court finds that Ms. Ceballo Fernandez lacks standing to proceed in this Court as Petitioner's next friend.

### *Background*

Petitioner is a Cuban national who arrived in the United States on December 24, 2023.[1] Ms. Ceballo Fernandez filed the Petition (Dkt. 1) on behalf of Petitioner following her detention on February 25, 2026, arguing that her detention violates the Fifth Amendment of the United States Constitution. Ms. Ceballo Fernandez does not state what her relationship with the Petitioner is.[2]

---

[1] Memo. (Dkt. 2), at 1.

[2] *See generally* Decl. (Dkt. 6).

1

### *Legal Standard*

Congress requires that every "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or *by someone acting in his behalf*."[3] While a deeply-rooted basis for jurisdiction, generally next friends appear in habeas proceedings on behalf of detainees who are unable to press their claims themselves, often because of inaccessibility or mental incompetence.[4] Indeed, next friends are barred from pursuing habeas claims on behalf of detainees who themselves could file their own petitions.[5] Importantly, next friends in habeas proceedings are never parties to the action—they only pursue the claims on behalf of the respective detainees.[6] However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."[7] Such stinginess within the next friend doctrine is motivated by a need to gatekeep "intruders or uninvited meddlers, styling themselves next friends."[8] It is the burden of the prospective next friend to "clearly . . . establish the propriety of [her next friend] status and thereby justify the jurisdiction of the court."[9]

---

[3] 28 U.S.C. § 2242 (emphasis added).

[4] *Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13 n. 3 (1955)).

[5] *Williams v. Boone*, 166 F.3d 1223 (10th Cir. 1999) (unpublished) (citing *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)).

[6] *Whitmore*, 495 U.S. at 163 (citing *Morgan v. Potter*, 157 U.S. 195, 198 (1895)).

[7] *Id.*

[8] *Id.* at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2nd Cir. 1921)).

[9] *Id.* at 164 (citing *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987)).

To satisfy next friend standing, a prospective next friend must meet "two firmly rooted prerequisites": (1) She must provide "an adequate explanation" why Petitioner cannot litigate her own case[10] and (2) she must demonstrate she is "truly dedicated" to Petitioner's best interests.[11]

### *Analysis*

Ms. Ceballo Fernandez does not provide an adequate explanation as to why Petitioner cannot litigate her own case. She represents that Petitioner is unable to file a Petition on her own behalf due to her "detention, lack of access to legal assistance, language barriers, conditions of confinement, and other limitations."[12] None of these grounds, independently or collectively, satisfy the first prong of the next friend test in this case.

To begin, Petitioner's detention as a general matter cannot be used to satisfy the "adequate explanation" requirement. Every habeas corpus action necessarily involves a petitioner who is "in custody."[13] Thus, if detention alone was sufficient, then *Whitmore*'s limitations on next-friend status would be rendered meaningless.

Ms. Ceballo Fernandez also represents that "language barriers" interfere with Petitioner's ability to represent herself. However, in *Whitmore*, the Court required a potential next friend to show that the detainee cannot litigate his own case because of

---

[10] *Id.* at 163 (citing *Wilson*, 870 F.2d at 1253).

[11] *Id.* (citing *Morris v. United States*, 399 F. Supp. 720, 722 (E. D. Va. 1975)).

[12] Decl. (Dkt. 6), at 1.

[13] 28 U.S.C. §§ 2241, 2254.

"inaccessibility, mental incompetence, or other disability[.]"[14] Inability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal proceedings with the aid of translation. Because lack of English proficiency is readily curable through use of a translator, it is not the sort of uncurable disabilities or incapacity that would warrant next friend standing, unless the prospective next friend establishes facts demonstrating a lack of ability to cure the language deficiency (e.g., lack of access to translation or native language legal materials). Here, Ms. Ceballo Fernandez only alleges that some sort of language barrier exists. Without more information, a lack of English proficiency cannot satisfy the first prong.

Similarly, Ms. Ceballo Fernandez "lack of access to legal assistance" and "conditions of confinement" arguments also cannot serve as sufficient bases to establish an adequate explanation. She does not elaborate on what these circumstances mean or how they prevent Petitioner from representing herself.

Accordingly, the Court finds that Ms. Ceballo Fernandez has not provided an adequate explanation as to why Petitioner is unable to litigate her own case. This is a sufficient reason to find that Ms. Ceballo Fernandez lacks standing to bring Petitioner's claims. However, even if she satisfied the first prong of the next friend test, the Court would also find that Ms. Ceballo Fernandez failed the second prong because she has not indicated what her exact relationship with Petitioner is.

---

[14] *Id.* at 163 (citing *Wilson*, 870 F.2d at 1253).

### *Conclusion*

For the foregoing reasons, the Court finds that Ms. Ceballo Fernandez has not met her burden to prove she can serve as Petitioner's next friend. The Court **ORDERS** Petitioner Orgreily Josefina Ceballo Garcia to file an amended petition on or before May 29, 2026, signed and verified either (1) by Petitioner, should she wish to proceed pro se, or (2) by a licensed attorney. Failure to timely file a proper petition will likely result in the Court dismissing this action.

**IT IS SO ORDERED** this 29th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE